46069.   REPUBLIC NATIONAL BANK OF DALLAS v. HODGSON.

46070.   MINTZ v. HODGSON.

Argued March 3, 1971—Decided May 19, 1971—Rehearing denied June 8, 1971.

12

*Alston, Miller & Gaines, Oscar N. Persons,* for appellants.

*Long & Siefferman, Floyd E. Siefferman, Jr.,* for appellee.

JORDAN, Presiding Judge. The first notice of taking of the deposition fully complied with the requirements of *Code Ann.* § 81A-130 (a) by giving the name and address of the person to be deposed

and the time and place of taking the deposition. Due to circumstances beyond the control of counsel for appellants and appellee, a new date had to be agreed upon. This was the only departure from the original notice, and the record shows that the setting of the January 12th date was handled in an informal manner between counsel by letters and telephone communication. The setting of the February 5th date was likewise handled in an informal manner by a letter from appellants' counsel to appellee's counsel, received at least 8 days prior to the scheduled date. If appellee's counsel insisted at this stage that he was entitled to a new formal notice of the taking, *Code Ann.* § 81A-132 (a) clearly required him to promptly notify appellants' counsel. Under this Code section "all errors and irregularities in the notice for taking a deposition are waived unless *written objection is promptly served upon the party giving the notice.*" (Emphasis supplied). This was not done and appellants' counsel did not receive any communication from appellee's counsel until after the time set for the taking of the deposition.

While the statute requires a proper notice for the taking of a deposition, it wisely requires the opposite party to promptly notify the party giving the notice if the notice is technically defective in any manner. Otherwise, the statute would allow counsel so inclined to "sit back", allow the opposite party to proceed at considerable expense with the deposition only to have it thrown out on some technical defect in the notice. If the law is reduced to this, as Mr. Bumble said in Oliver Twist, "the law is an ass, a idiot." The rationale of the provision requiring that written objection to a defective notice be made promptly, failing which the error or irregularity in the notice is deemed to have been waived, is the same as that in the provision requiring that objection to the evidence be made at the time of taking the deposition. See *Ector v. Welsh,* 29 Ga. 443, 447.

Law is based on reason, and the statute itself (*Code Ann.* § 81A-130 (a)) requires that a party desiring to take a deposition shall "give reasonable notice in writing" to the opposite party. In this case complete and legal notice was given as required by the statute. The later change in dates was handled on an informal basis between counsel. It is therefore unreasonable, under the record in

this case, for appellee's counsel to now contend that he did not have reasonable notice of the time, place, and date for the taking of the deposition.

The trial court erred in granting the motions to suppress the deposition.

*Judgment reversed. Bell, C. J., Hall, P. J., Eberhardt, Quillian and Evans, JJ., concur. Pannell, Deen and Whitman, JJ., concur specially.*

PANNELL, Judge, concurring specially. I concur with the majority opinion that the deposition taken by the appellant should have been allowed in evidence, but not for all the reasons given. The majority, in part, rely upon the original notice, and in effect make the original notice a part of the subsequent notice given after it was decided that the witness must testify over his objections. In Associated Transport, Inc. v. Riss & Co., Inc., 8 FRD 99, it was held that where there was such a delay in the taking of the deposition, a subsequent notice of the taking of the deposition of the witness cannot be aided by the notice previously given. As was said in that case: "The purpose of Rule 30 (a) [Section 30 (a) of the Georgia Civil Practice Act, *Code Ann.* § 81A-130 (a)] is plainly to give a party full notice of the time and place that a deposition is to be taken. If the other party is required to postpone the taking of the deposition in order to first obtain leave of court, or for any other reason, th[e]n the notice originally given becomes meaningless and a new notice is needed. There is nothing in the Rules to indicate that one written notice satisfies the requirements even though the deposition is not taken until a later date." The appellee, not having promptly made objection upon receiving the second notice, waived any right to object to the admission of the deposition in evidence which he could have urged to the notice itself, and which he failed to do as required by law. Section 32 (a) of the Georgia Civil Practice Act (*Code Ann.* § 81A-132 (a); Federal Rules of Civil Procedure, § 32 (d) (1)); 4 Moore's Federal Practice, par. 32.11, p. 32-47, and par. 30.57[11], p. 30-95.

It is for these reasons and these reasons alone that I concur in the majority opinion.

I am authorized to state that Judges Deen and Whitman join in this special concurrence.

16

WHITMAN, Judge, concurring specially. I concur in the special concurring opinion of Judge Pannell. I do not agree with the majority opinion that *Code Ann.* § 81A-132 (a) could relate to the original notice of the taking of depositions, given pursuant to *Code Ann.* § 81A-130 (a). I do agree with the special concurring opinion of Judge Pannell, which relates *Code Ann.* § 81A-132 (a) to the "second notice" referred to in that opinion, which I assume relates to the letter notice of date January 26, 1970, as stated therein.